IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO EASTERN
DIVISION

| | |
|---|---|
| APRIL CROMER, | ) |
| Plaintiff, | ) CASE NO. 20-CV-2080 |
| v. | ) JUDGE DAN A. POLSTER |
| CITY OF CLEVELAND, ET AL | ) |
| Defendants. | ) **OPINION AND ORDER** |

April Cromer ("Plaintiff" or "Cromer"), by and through counsel, seeks to recover alleged damages and civil penalties from the City of Cleveland ("the City"), Sharon Dumas, and Martin Flask (collectively, "Defendants")[1]. Pending before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P.(12)(b)(6). For the reasons below, the Court **GRANTS** Defendants' Motion, Doc. #: 3.

I.  **BACKGROUND**

Cromer is currently employed by the City of Cleveland as a Fiscal Manager. *See* Doc. #: 1. at 2 ¶ 3. From August 2013 to January 3, 2020, she served as an Assistant Income Tax Administrator. *Id*. At all times during her employment with the City, Cromer's employment has been governed by, and is subject to, the Rules of the City's Civil Service Commission. *Id.* ¶ 4.

Due to some allegations of misconduct, on December 10, 2019, Dumas, the City's Director of Finance and Interim Chief of Staff, issued Cromer a notice that she had been relieved of duty with pay, and that a pre-disciplinary hearing notice would be sent to Cromer under separate cover.

---

[1] The two individual defendants are: Sharon Dumas, the City's Director of Finance and Interim Chief of Staff; and Martin Flask, the City's Executive Assistant to the Mayor for Special Projects.

1

*Id.* ¶ 15. On the same day, Dumas instructed Flask, the City's Executive Assistant to the Mayor for Special Projects, to investigate Cromer's conduct at work by identifying and interviewing witnesses related to Dumas' allegations against Cromer. *Id.* ¶ 16. On December 11, 2019, Flask scheduled three witness interviews with Sharlene Cannon, Linda Bickerstaff, and Michelle Barnes. *Id.* ¶ 17. On December 16, 2019, Flask provided a memorandum ("Flask Memo" or the "Memo") to Dumas describing his investigation, along with the statements he had received from the three witnesses. *Id.* ¶ 18. Contained in the Memo were alleged conclusions about Cromer's conduct at work that was used to determine disciplinary action against Cromer. *Id.* That same day, Dumas issued Cromer a notice of a pre-disciplinary hearing to be held on December 18, 2019. *Id.* ¶ 19.

Dumas' notice of a pre-disciplinary hearing included a citation to the City's "Progressive Discipline Program," as contained in the City's "Human Resources Policies and Procedures." *Id.* ¶ 20. The City's Progressive Discipline Program provides the following as it pertains to an employee's pre-disciplinary hearing rights:

> Prior to any discipline hearing being rendered, the employee shall be entitled to a pre-disciplinary hearing. During such pre-disciplinary hearing, the employee shall have the right to (1) representation, (2) be informed of the charges, (3) be informed of the evidence which the City has against the employee and provided with copies of any relevant documents and (4) be afforded a meaningful opportunity to respond with oral and/or written statements, testimony, documents…in response to each allegation of inappropriate conduct. *Id.* ¶ 21.

On December 18, 2019, the City held the pre-disciplinary hearing attended by Cromer, Cromer's legal counsel, Flask, counsel for the City, and Nycole D. West, Director of Human Resources. *Id.* ¶¶ 22-23. Defendants failed to provide Cromer with the Flask Memo prior to, or during, the pre-disciplinary hearing. *Id.* ¶ 24.

On January 3, 2020, Dumas sent Cromer a letter informing her that she was imposing discipline on her, including a three-day unpaid suspension and a demotion to the position of Fiscal

2

Manager, with an approximately $20,000 per year reduction in pay. *Id.* ¶ 27. On January 9, 2020, Cromer's counsel sent a letter to the City's counsel requesting the documents and evidence relied upon in recommending the disciplinary action, along with all witness statements and/or notes from witness interviews. *Id.* ¶ 28. The City's counsel responded to Cromer's counsel's January 9, 2020 request on January 31, 2020, providing a copy of the Flask Memo for the first time. *Id.* ¶ 30.

Cromer alleges that by intentionally failing to provide her with the Flask Memo before or during her December 18, 2019 pre-disciplinary hearing, Defendants violated her rights to pre-disciplinary Due Process under the Fourteenth Amendment to the United States Constitution. *Id.* ¶ 31. Cromer further alleges Dumas and Flask violated Ohio Rev. Code § 2921.45, which prohibits any public servant from knowingly depriving, or conspiring, or attempting to deprive, any person of a constitutional or statutory right. *Id.* ¶ 38.

## II. DISCUSSION

### A. Rule 12(B)(6) Standard of Review

"On a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted, a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

In deciding whether dismissal is appropriate, "[c]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### B. Due Process Pursuant to 42 U.S.C. § 1983

Section 1983 provides "any citizen of the United States or other person within the jurisdiction thereof to pursue an action at law or a suit in equity against every person who, under color of state law, causes the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *See* 42 U.S.C. § 1983. Although "§ 1983 by itself does not protect anyone against anything, the statute provides a remedy for deprivations of rights secured by the Constitution and laws of the United States." *See Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1348 (6th Cir. 1992) (other citations omitted). Here, Cromer's § 1983 claim relies on the Fourteenth Amendment, which forbids state actors from depriving any person of life, liberty, or property, without due process of law. *See* U.S. Const. amend. XIV, § 1.

When examining a procedural due process claim pursuant to § 1983, courts apply a three-step inquiry. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). First, courts are to examine whether there exists a liberty or property interest which has been interfered with by the state. *Id*. Second, courts ascertain whether plaintiff was deprived of this protected interest within the meaning of the Due Process Clause. *Id*. Third, courts look at whether the state failed to provide adequate procedural rights prior to the deprivation. *Id*; *see also Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999).

Because Defendants do not dispute that Cromer had a property interest in her employment[2], the Court will turn to the second inquiry – whether Cromer was deprived of her protected interest within the meaning of the Due Process Clause.

**1. Cromer fails to sufficiently allege deprivation of a property interest**

Cromer argues that she was deprived of a meaningful opportunity to respond to each allegation of misconduct because Defendants failed to provide her with a copy of the Flask Memo before, or during, her pre-disciplinary hearing. As detailed above, the Flask Memo allegedly contained conclusions about Cromer's conduct at work and three witness statements related to Dumas' allegations, all of which were used to determine disciplinary action against her. Cromer's contention that she was entitled to the Flask Memo comes from the City's Progressive Discipline policy, which states, in relevant part, "[p]rior to any discipline being rendered, the employee shall be entitled to a pre-disciplinary hearing. During such pre-disciplinary hearing, the employee shall have the right to…be informed of the evidence which the City has against the employee and provided with copies of any relevant document[.]"

Defendants assert that Cromer's reliance on the Progressive Discipline Policy is misplaced because a violation of such policy does not necessarily equate to a Due Process violation. Specifically, Defendants contend that Cromer was provided notice and an opportunity to be heard in accordance with the law. Prior to the pre-disciplinary hearing, Cromer was provided with written notice of the charges against her and an oral explanation of the interviews with the witnesses. Defendants further contend that Cromer was aware of the evidence against her as well as the

---

[2] *See also Kizer v. Shelby Cty. Gov't*, 649 F.3d 462, 466 (6th Cir. 2011) ("Where a state civil service system categorizes public employees as classified—that is, not subject to removal at will—employees have a state-law-created, constitutionally protectable property interest in maintaining their current employment."); *see also* Defs'. Br. at 4 (discussing Cromer's employment as classified service).

individuals who were likely to be witnesses because they were the same individuals who witnessed her behavior at issue. The Court agrees with Defendants.

Procedural Due Process protects rights created by state law and guarantees that no significant deprivation of life, liberty, or property will take place until notice has been provided and the individual has a meaningful opportunity to be heard. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985). Courts differentiate between Constitutional due process and the many forms of administrative "due process" mandated by different institutions for their various organizational purposes. *See Farkas v. Ross-Lee*, 727 F. Supp. 1098, 1106 (W.D. Mich. 1989) ("[t]here is not a violation of due process every time a . . . government agency violates its own rules. Such action may constitute a breach of contract or violation of state law, but unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation.").

The United States Supreme Court has determined that in circumstances providing for a full hearing post-termination, the pre-termination hearing should be an initial check against erroneous decisions, "essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Loudermill*, 470 U.S. at 545-46. The opportunity to present reasons, either in person or in writing, why the proposed action should not be taken is a fundamental due process requirement. *Id*.

Here, Defendants' alleged violation—failing to provide Cromer with a copy of the Flask Memo before, or during, her pre-disciplinary hearing —does not rise to the level of a constitutional violation. The undisputed facts as alleged in Cromer's Complaint demonstrates that she was 1) issued a notice of pre-disciplinary hearing; 2) provided with the allegations and factual basis for the allegations against her; 3) afforded the opportunity to defend against the allegations with

competent counsel at the pre-disciplinary hearing; and 4) afforded an appeal process to address any wrong that may have been committed at the hearing. *See* Compl. ¶¶ 15, 19-23, 29. Therefore, it is clear from the record that, despite Defendants' failure to provide Cromer with the Flask Memo, the administrative procedures provided here were constitutionally sufficient. *See Loudermill*, 470 U.S. at 545-46 ("[a] public employee "is entitled to oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity to present his or her side of the story. To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.")

The Sixth Circuit has held that, for the purposes of a procedural due process claim pursuant to § 1983, "the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). She has not done so. Notably, after Cromer's counsel requested the Flask Memo from Defendants, Defendants provided Cromer with a copy of the Memo in time for her to appeal the discipline to the City's Civil Service Commission. *See* Compl. ¶¶ 29-30. Cromer is entitled to a post-termination hearing and, to the best of the Court's knowledge, she is currently exhausting her statutory rights to appeal her demotion. *Id*. Furthermore, Cromer does not provide any plausible facts to demonstrate that she suffered any harm that is directly related to Defendants' untimeliness in providing the Flask Memo. Accordingly, the Court finds that Cromer has failed to state a claim pursuant to the Due Process Clause and her Complaint is therefore dismissed.

    C. <u>Cromer Fails to Sufficiently Allege an Ohio Rev. Code § 2307.60 Claim Against Dumas and Flask</u>

Cromer relies on Ohio Rev. Code § 2921.45, which prohibits any public servant from knowingly depriving, or conspiring, or attempting to deprive, any person of a constitutional or

7

statutory right, to allege damages pursuant to Ohio Rev. Code § 2307.60. Ohio Rev. Code § 2307.60 creates a civil cause of action for damages resulting from any criminal act, unless otherwise prohibited by law. Cromer's claim here relies on the notion that Defendants violated her due process rights guaranteed by the Fourteenth Amendment. *See* Compl. ¶¶ 37-38. However, as discussed above, the Court finds that Cromer's due process rights were not violated, and no criminal act was committed. To the extent Cromer believes that Defendants independently violated the Ohio Constitution or Ohio law, she can bring such claim(s) in State court. Therefore, Cromer's Ohio Rev. Code § 2307.60 claim is dismissed with prejudice because the Court finds that there is no federal constitutional violation in this case.

### III. CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss. Cromer's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster January 28, 2021*
**Dan Aaron Polster**